## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY HUGHES,** **Petitioner** | No. 3:07cv665 |
| v. | (Judge Munley) |
| **SUPERINTENDENT JAMES GRACE and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** **Respondents** | |

## MEMORANDUM

Before the court for disposition is Gary Hughes' (hereinafter "petitioner") petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The matter has been fully briefed and is ripe for disposition.

**Background**

Heather Reed and a friend, Shari McGee, were robbed on the streets of Harrisburg, Pennsylvania at around midnight on October 26-27, 2001. They were walking home when three women emerged from a black Volvo station wagon and confronted them. (Resp. Ex. A, Notes of trial testimony (hereinafter "N.T.") at 23-25, 27, 30, 33). The women demanded purses and money from McGee and Reed. (Id. at 33). The thieves made off with Reed's purse and cash from McGee. The three women subsequently took a "check card" from McGee's purse and made purchases with it at several local establishments. (Id. at 51-53).

Detective David Lau of the Harrisburg Police Department, Criminal Investigation Division, investigated the crime. He received information that the petitioner may have had involvement in this incident. (Id. at 64). He contacted petitioner for an interview. During the interview, petitioner admitted that he had been with four others on the night in question and that they had discussed the possibility of committing a robbery. They then set

out to find someone to rob.   They found the two victims, and the robbery occurred.  During the robbery, defendant, who had been seated in the back seat of the automobile, moved to the front seat and maneuvered the car to a location closer to where the robbery was occurring.  (Id. at 64-65). Defendant also admitted that he received some clothing and cigarettes purchased with the stolen check card.  (Id. at 67).  Although petitioner freely made a verbal statement to the detective, he refused to let his statement be transcribed or tape recorded. (Id. at 65-66).

Subsequently, petitioner was arrested for crimes involved with this incident.  On September 13, 2002, a jury in the Court of Common Pleas of Dauphin County, Pennsylvania convicted petitioner of two counts of robbery, two counts of criminal conspiracy to commit robbery, one count of access device fraud and one count of criminal conspiracy to commit access device fraud.   The court sentenced him in the aggregate to 171 to 528 months in prison, fines totaling $500.00 and payment of the costs of prosecution.  (Doc. 12, Govt. Response, ¶ 6).

On September 13, 2002, Petitioner appealed his conviction to the Superior Court of Pennsylvania, and his appellate counsel withdrew.  New counsel was appointed to represent petitioner.  Petitioner's appointed counsel filed a "Motion To Discontinue Appeal."  On December 3, 2003, the Superior Court treated the motion as a praecipe for discontinuance of the appeal, and the appeal was discontinued.  (Res. Ex. E).

On March 17, 2004, petitioner filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PENN. CONS. STAT. ANN. § 9541 et seq.  Appointed counsel filed an amended PCRA petition on July 19, 2004.  The PCRA/trial court denied PCRA relief on

June 15, 2005.  (Res. Ex. H).  On appeal, the appointed counsel petitioned the court to withdraw as any issue raised on appeal would be frivolous. (Res. Ex. J).  The Superior Court denied plaintiff's appeal.  (Res. Ex. K). Petitioner filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on December 27, 2006.  Commonwealth v. Hughes, 917 A.2d 845 (Pa. 2006) (Table).

Petitioner then filed the instant petition for a writ of habeas corpus under section 2254 of Title 42 of the United States Code which allows federal district courts to entertain a claim that the state prisoner is in custody in violation of the federal constitution or federal law.

**Standard of review**

We may grant habeas corpus relief to a person in state court custody only where the state court's decision is contrary to, or involved an unreasonable application of, federal law or if the state court decision is based upon an unreasonable determination of the facts in light of the evidence presented to the state court.  28 U.S.C. § 2254(d).  Specifically, section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

With regard to paragraph (1), a state court ruling is "contrary to" clearly established federal law if it is opposite from a ruling by the Supreme Court on a question of law or if the state court decides an issue differently from how the Supreme Court has on materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court makes an unreasonable determination of the facts in light of the evidence if it identifies the correct governing legal principle from Supreme Court precedent, but unreasonably applies it to the prisoner's case. Id.

Therefore, in analyzing a habeas corpus of a prisoner in state custody, we first must determine whether the state court decision was "contrary to" Supreme Court precedent. If not, we must determine whether the state court decision is an unreasonable application of Supreme Court precedent. Werts v. Vaughn, 228 F.3d 178, 197 (3d Cir. 2000).

In analyzing a state prisoner habeas corpus claim we must presume that the state court's findings of fact are correct. 28 U.S.C. § 2254(e)(1); Miller v. Fenton, 474 U.S. 104, 105 (1985).

**Discussion**

At issue in the present case is the trial testimony of Detective David Lau, who investigated the crime at issue. Lau provided testimony regarding a verbal statement provided by the petitioner. He then went on to indicate that petitioner refused to make a written statement or to have his statement tape recorded. The challenged testimony is as follows:

> Question by the prosecution (hereinafter "Q"): Did he [petitioner] give you a written statement like you took from the victim in this case?
>
> Answer: No, he refused to do so.
>
> Q: It is just based upon what he told you in your notes?

> A: Yes. I asked him to provide me with a written statement and I asked him to provide me with a tape-recorded statement, but he refused to do so.

Respondent Exhibit A, Notes of Trial Testimony at 65-66.

Petitioner claims that the testimony indicating that he refused to give a written or tape-recorded statement should not have been admitted. According to the petitioner, allowing the evidence into the trial violated his Fifth Amendment right against self incrimination. (Doc. 2, Petitioner's memorandum in support at 3). Further, he asserts error in that no one witnessed this statement "so whom [sic] can clearly state that a state[ment] was made to Detective Lau [?]". Id. He also complains that the detective did not bring to court the note pad writing of the verbal statement. Id.

In the Pennsylvania courts, petitioner filed a direct appeal that was later withdrawn. (Res. Ex. D). The direct appeal was withdrawn as petitioner found that he had no matters to appeal and instead sought to bring a claim of ineffective assistance of counsel. (Id.). An ineffectiveness claim is not appropriate for a direct appeal, but should be raised in a Post Conviction Relief Act (hereinafter "PCRA") petition. (Id.). After withdrawing the appeal, petitioner filed a *pro se* PCRA petition. (Resp. Ex. F). Subsequently, the court appointed counsel for the petitioner who filed an Amended PCRA petition. (Resp. Ex. G). The issues raised in the amended petition were as follows:

> It was improper for the Commonwealth to comment upon petitioner's right to remain silent, i.e., that he did not want to have his verbal statement transcribed or recorded. Moreover, the petition alleged that trial counsel was ineffective for failing to request a cautionary instruction.

After holding an evidentiary hearing, the trial court found that "[t]he

5

defendant was properly given and voluntarily waived his Miranda warnings before making the statement." (Res. Ex. J, at 1). The court held that the Fifth Amendment does in fact prevent the Commonwealth from using a defendant's silence as evidence against him. In this case, however, the defendant never invoked his Fifth Amendment rights. He voluntarily made his statement to police after he was provided Miranda warnings. Nowhere in the trial or in the evidentiary hearing was it mentioned that the defendant ever made an explicit invocation of his constitutional right to remain silent or to speak to an attorney. (Id. at 6).

On appeal, the Superior Court of Pennsylvania affirmed the trial court's ruling. The Superior Court framed the issue as: "Was counsel ineffective for not objecting to the detective's testimony that the defendant did not want his voluntary statement transcribed." (Res. Ex. K, Superior Court opinion at 5). The court explained as follows: "

> In this case, Appellant voluntarily gave an oral statement to Detective Lau. Thus, Appellant did not invoke his right to remain silent, and Appellant is not claiming that his oral statement was involuntary. Consequently, Detective Lau's testimony regarding Appellant's refusal to transcribe his statement does not implicate the prohibition against using a defendant's silence to create a negative inference before a jury because the jury knew the Appellant did not in fact remain silent, but rather had chose to give a statement.

(Res. Ex. K, Superior Court Opinion at 4-5). The Pennsylvania Supreme Court denied hearing petitioner's appeal from the Superior Court.

The state court's holding is not contrary to or an unreasonable application of Supreme Court precedent/federal law. A refusal to make a written statement does not revoke a waiver of Fifth Amendment rights with regard to verbal statements. This case is akin to Connecticut v. Barrett, 479 U.S. 523 (1987). In Barrett, the defendant indicated a willingness to

6

make verbal statements to the police, but stated that he would not make a written statement without counsel being present. Id. at 524. The Court explained that the verbal statements could be used against the defendant because, regardless of whether defendant would make a written statement, he had a choice to speak or not to speak, and he chose to speak. Id. at 529.

Likewise, in the instant case, the defendant chose to speak and his statements were used against him. That the defendant refused to have the statement transcribed or tape recorded does not affect the waiver of the right to remain silent. He already made incriminating statements that are made no more incriminating by the fact that he refused to write them down or record them. We thus find no basis to grant federal habeas relief to the petitioner on this ground.

Additionally, the instant petition attacks the credibility of Detective Lau. The above-quoted statements reported by Lau at trial were not witnessed by anyone according to the defendant. The two were alone when the statements were allegedly made. Petitioner also contends that Lau did not bring with him to court the note pad on which he wrote down the petitioner's statement. Neither of these statements, which go toward Lau's credibility, involve any claim of unconstitutionality. These assertions do not provide any basis for federal habeas corpus relief for the petitioner.[1]

Petitioner's next claim is that his trial was ineffective for failing to object to the direct examination and in failing to request a cautionary

---

[1] Moreover, it appears from the trial testimony that Lau did in fact have his notebook with him in court. (See N.T. at 65, Lau indicates that he is reviewing his notes while on the witness stand).

instruction.

Generally, to establish ineffectiveness of counsel, a defendant must meet the two-pronged test set forth by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). The two prongs are: "(1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different." United States v. Nino, 878 F.2d 101, 103 (3d Cir.1989) (citing Strickland, 466 U.S. at 687-96). In the instant case, the petitioner has not established that but for counsel's alleged error in not objecting to the disputed testimony the result of the proceeding would have been different. The most damaging testimony, i.e. petitioner's confession to aiding in the robbery, is unchallenged by the petitioner. Moreover, as there is no merit to plaintiff's claim that the testimony at issue was improper, it cannot be ineffective assistance of counsel for his trial counsel not to have sought a cautionary instruction.

**Conclusion**

No violation of the petitioner's right against self-incrimination occurred in the instant case. Thus, the instant petition for a writ of habeas corpus will be denied.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GARY HUGHES,** Petitioner<br><br>v.<br><br>**SUPERINTENDENT JAMES GRACE and THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** Respondents | No. 3:07cv665<br><br>(Judge Munley) |

# ORDER

**AND NOW**, to wit, this 12th day of May 2008, Gary Hughes' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby **DENIED**. Based upon the reasoning in the accompanying memorandum, Hughes has not made a substantial showing of the denial of a constitutional right, and we decline to issue a certificate of appealability. See 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22.

          **BY THE COURT:**

          **s/ James M. Munley**
          **JUDGE JAMES M. MUNLEY**
          **United States District Court**